**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ANTONIO LAMONT SPIVEY,**
        **Petitioner,**

**v.**                                            **Civil Action No. 2:05cv13**
                                                 **Criminal Action No. 2:02cr225**

**UNITED STATES OF AMERICA,**
        **Respondent.**

## <u>ORDER  AND OPINION</u>

Currently before the court is Antonio Lamont Spivey's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996).  The petitioner argues that he received ineffective assistance of counsel and that his sentence was unconstitutionally enhanced based on crimes for which he was not found guilty.  Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing.  <u>See</u> R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a).  For the reasons set forth below, Spivey's petition is **DENIED**.

I.       **Factual Background**

Petitioner was charged with three felony counts resulting from a drug trafficking conspiracy: Count One, conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and one kilogram or more of heroin, in violation of Title 18, United States Code

Sections 841(a)(1), (b)(1)(A) and 846; Count Eight, possession with intent to distribute heroin, in

violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(c), and Title 18, United

States Code Section 2; and Count Fourteen, possession of a firearm in furtherance of and in

relation to a drug trafficking offense, in violation of Title 18, United States Code Sections

924(c)(1) and (2).   Pursuant to a written plea agreement with the government, petitioner pleaded

guilty to Count One on October 22, 2003.   As part of the plea agreement between petitioner and

the United States, the court dismissed Counts Eight and Fourteen.

On January 12, 2004, petitioner appeared for sentencing.   He objected to the amount of

drugs attributed to him in the Pre-Sentence Report prepared by the probation office.   Specifically,

he objected to the claim of the United States that petitioner's cousin had stolen more than 1400

grams of cocaine base from the petitioner, which amount was attributed to petitioner in

determining the applicable sentencing guideline range.   This court overruled petitioner's

objection, finding that the government had proven its case by a preponderance of the evidence.

This court sentenced petitioner to 225 months of imprisonment and five years supervised release

following his release from confinement.   As part of his plea agreement, petitioner agreed not to

appeal any sentence lawfully imposed, so long as it was within the maximum sentence for the

offense.   Accordingly, petitioner did not appeal his sentence.


## II.      Procedural History

On January 10, 2005, petitioner filed the instant petition to vacate, set aside, or correct his

sentence, pursuant to 28 U.S.C. § 2255.   In his petition, petitioner alleges that he received

ineffective assistance of counsel when his court-appointed attorney, Jeffrey Shaw, failed to file

an appeal of the court's ruling at sentencing, which credited petitioner with 1400 grams of cocaine base he alleges he never possessed.  Petitioner further alleges that his punishment was unconstitutionally enhanced by specific sentencing factors, which were not charged against him nor determined true beyond a reasonable doubt by a jury.  Because the matter is one that can be addressed without the assistance of the United States, this court has not ordered the United States to respond.  See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b).  The matter is now before this court.

## III.    Standard of Review

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  28 U.S.C. § 2255.  An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter.  See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A collateral attack under  § 2255 is far more limited than an appeal.  The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal.  A collateral challenge is not intended to serve the same functions as an appeal.  United States v. Frady, 456 U.S. 152, 165 (1981).  There are two instances, however, when a procedurally defaulted claim may be considered on collateral review.

3

The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error.  Id. at 167.  See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999).  The petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).  Alternatively, if a petitioner can demonstrate that he is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted.  See Schlup v. Delo, 513 U.S. 298, 321 (1995).  A claim of ineffective assistance of counsel may, however, be properly brought on a § 2255 petition.  United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).  In the instant case, the petitioner has not alleged that he is actually innocent of the crimes for which he was convicted, therefore he must demonstrate both cause and prejudice as a result of the errors he alleges.

**IV.   Analysis**

A.   Ineffective Assistance of Counsel

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. CONST. amend. VI.  The Sixth Amendment right to counsel includes the right to the effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The Supreme Court's standard for assessing ineffective assistance of counsel claims is "highly deferential."  Id.  See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards).  There

4

are two prongs to the Strickland test: performance and prejudice.  To establish a claim for ineffective assistance of counsel, petitioner must prove both: (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused him prejudice.  Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance."  Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89).  Most importantly, the burden of proof lies with the petitioner.  United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).  A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of his trial would have been different in the absence of his counsel's alleged errors.

Furthermore, the petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet.  See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Fields v. Attorney Gen of Md., 956 F.2d 1290, 1297-98 (4th Cir. 1992).  In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previous made under oath affirming satisfaction with counsel are binding on the petitioner absent "clear and convincing evidence to the contrary."  Fields, 956 F.2d at 1299; accord Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) ("When a defendant challenges a conviction entered after a guilty plea, [the] prejudice prong of the test is slightly modified.  Such a defendant 'must show that there is a

5

reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial.'") (quoting Lockhart, 475 U.S. at 59).

Petitioner alleges only one example of his attorney's alleged ineffective assistance. Petitioner claims that Mr. Shaw, in failing to file an appeal on the issue of drug weights attributed to petitioner, fell below the Strickland standard for performance.  He further claims that this caused him prejudice, in that his sentence would have decreased had his appeal been successful.

The Fourth Circuit has stated that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success."  United States v. Peake, 992 F.2d 39, 41-42 (4th Cir. 1993); see also United States v. Gholston, 33 Fed. Appx. 80, 2002 WL 654146 (4th Cir. Apr. 22, 2002).  In the instant case, however, petitioner only claims that Mr. Shaw failed to file an appeal.  He neither alleges that he requested that Mr. Shaw file an appeal nor that Mr. Shaw refused to do so. Without such a request, Mr. Shaw was under no obligation to file an appeal on an issue that had been decided by the judge at sentencing.  An attorney is not constitutionally required to pursue non-meritorious defenses.  See Jones v. Barnes, 463 U.S. 745, 754 (1983).  "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy."  Id.   In the instant case, there is no evidence that petitioner even suggested to Mr. Shaw that he appeal the issue of drug weights.  There is therefore no evidence that Mr. Shaw rendered ineffective assistance to petitioner.

6

In fact, it likely would have been improper for Mr. Shaw to have appealed the issue, as petitioner had waived his right to appeal in the plea agreement.  Although failing to file a *notice* of appeal when requested to do so might in some circumstances constitute ineffective assistance under the holding of Peake, notice of appeal is a purely ministerial function, see Roe v. Flores-Ortega, 528 U.S. 470 (2000), and consequently, noting appeal has no bearing on an attorney's ethical responsibilities in filing meritorious claims.  In his plea agreement, petitioner waived his right to appeal any lawful sentence, so long as it was within the statutory maximum for the offense to which he pleaded guilty.  As the sentence imposed upon petitioner, 225 months, was below the statutory maximum of life imprisonment for his crime, any appeal of the sentence would be fruitless.  For Mr. Shaw to have carried through with an appeal after signing the plea agreement might very well have constituted a breach of the agreement.

The Fourth Circuit has held that, where a criminal defendant knowingly and intelligently waives his right to challenge any lawful sentence imposed within the applicable Sentencing Guideline range, and the sentence he receives is within the Guidelines, the appeal waiver is enforceable.  United States v. Blick, 408 F.3d 162, 172-73 (4th Cir. 2005).  Even where, as in Blick, the law changed subsequent to the plea agreement, the agreement will be upheld, because the expectations of both parties as reflected in the plea agreement did not change.  Id. at 173. Contrary to petitioner's claim that he was sentenced "at the whim of the district court," he was sentenced entirely in the manner as anticipated.  Had petitioner desired the right to appeal any issues, he certainly could have opted to not waive his right to appeal.  Consequently, petitioner's claim of ineffective assistance of counsel is denied.

B.      Sentencing Enhancements

Petitioner claims that his sentence was unconstitutional because it was enhanced by sentencing factors that involved crimes of which he did not plead guilty and was not convicted. Petitioner did not raise this issue at his sentencing, and as part of his plea agreement waived the right to raise this issue on appeal.  He therefore is in procedural default as to this claim, and must demonstrate cause for failing to raise this claim earlier and actual prejudice to him as a result of this failure.  United States v. Frady, 456 U.S. 152, 167 (1981).  Petitioner alleges that, as a result of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), his sentencing enhancements were unconstitutional.

In Blakely, the Supreme Court extended its ruling in Apprendi.  In Apprendi, the Court held that a judge may not increase a sentence above the statutory maximum unless that sentence is based on the factual findings of the jury or the admissions of the defendant.  566 U.S. at 483. The Court in Blakely reasoned that, for the purposes of Apprendi, the statutory maximum is not the maximum possible sentence for a crime, but only the maximum sentence that could be imposed based on the factors that were determined beyond a reasonable doubt by a jury or admitted by the defendant.  Blakely, 124 S.Ct. at 2537.

The Court in Blakely addressed the sentencing guidelines used by the state of Washington, and specifically declined to address whether its holding applied to the federal sentencing guidelines.  Id. at 2538 n.9.  The Court subsequently, in Booker, applied the holding of Blakely to the federal sentencing guidelines, determining that the mandatory nature of the guidelines violated the Sixth Amendment for the reasons stated in Blakely, but that Congress

8

would have preferred an advisory guideline scheme to none at all.  Booker, 125 S.Ct. at 745, 756.

Thus, even though this petition was filed prior to the Court's decision in Booker, it is that

decision, as opposed to Blakely or Apprendi, that is applicable to petitioner's sentence under the

federal sentencing guidelines.

     Because petitioner is collaterally attacking his final sentence, the court must determine if

the rule announced in Booker may retroactively apply to the petitioner.  Retroactivity comes into

play where a criminal defendant has been found guilty and his conviction has become final prior

to the announcement of the new rule.  See Lilly v. United States, 342 F. Supp. 2d 532, 535 (W.D.

Va. 2004).  A conviction is final if "'the judgment of conviction was rendered, the availability of

appeal exhausted, and the time for petition of certiorari ha[s] elapsed.'"  Teague v. Lane, 489

U.S. 288, 295 (1989) (quoting Allen v. Hardy, 478 U.S. at 258 n.1 (1986)).

     Petitioner's conviction clearly became final prior to the decision in Booker, and therefore

he must show that the Supreme Court decision he wishes to take advantage of announced a new

rule and the new rule is retroactive on collateral review.  See id. at 308.  A decision announces a

new rule if the "result was not dictated by precedent existing at the time the defendant's

conviction became final."  Id. at 301.  Although Blakely and Booker stemmed from the Court's

holding in Apprendi, it does not appear that the result in Booker was dictated by precedent.  The

application of Apprendi to the sentencing enhancements in the guidelines was not foreseen by the

courts of appeals after the Supreme Court decided Apprendi.  See e.g., United States v. Sanders,

247 F.3d 139, 150 (4th Cir. 2001) (holding that the court can enhance sentences on the basis of

judicially determined facts so long as the statutory maximum is not exceeded); Lilly, 342 F.

Supp. 2d at 537 n.3 (citing similar decisions from the other courts of appeals).

Assuming then, that the decision announced in <u>Blakely</u> and extended to the federal sentencing guidelines in <u>Booker</u> was a new rule, there is only a narrow class of cases to which the new rule will apply retroactively on collateral rule.  <u>See</u> <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519, 2522 (2004).  The petitioner must either show that the new rule is substantive, rather than procedural, or that the new rule is a "watershed rule of criminal procedure."  <u>Id.</u> at 2523.

It is undisputed that the rule announced in <u>Booker</u> is procedural rather than substantive.  No conduct that was forbidden prior to <u>Booker</u> is permitted today.  <u>Booker</u> only "regulates the manner of determining the defendant's culpability."  <u>Summerlin</u>, 124 S.Ct. at 2523.  <u>Booker</u> does not involve the substantive determination of what conduct is lawful or unlawful.  Moreover, the rule announced in <u>Apprendi</u>, 530 U.S. 466 (2000), upon which <u>Booker</u> relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review.  <u>See</u> <u>Summerlin</u>, 124 S.Ct. at 2523; <u>Sanders</u>, 247 F.3d at 151 (finding that the rule announced in <u>Apprendi</u> does not apply retroactively on collateral review).

A procedural decision may apply retroactively if it establishes one of the rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."  <u>Summerlin</u>, 124 S.Ct. at 2523; <u>Teague</u>, 489 U.S. at 311 (1989).  In order to constitute such a rule, the decision must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach."  <u>Summerlin</u>, 124 S.Ct. at 2525 (quoting <u>Teague</u>, 489 U.S. at 312-13).

The rule announced in <u>Booker</u> is not such a watershed change.  As the Seventh Circuit has recently described:

> <u>Booker</u> does not in the end move any decision from judge or jury, or change the burden of

persuasion.  The remedial portion of <u>Booker</u> held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guidelines system has some flexibility in application.

<u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005).

There is nothing in either <u>Blakely</u> or <u>Booker</u> to suggest that the Supreme Court intended to overrule the numerous cases holding that <u>Apprendi</u> does not apply retroactively on collateral review.  This determination is in accord with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the <u>Blakely</u> decision, or following the more recent decision in <u>Booker</u>.  <u>See id.</u>; <u>Lilly</u>, 342 F.Supp. at 538-39 n.5 (citing the cases).  Each circuit that has addressed the issue of retroactivity in the wake of <u>Booker</u> has determined that the rule announced in that decision is not applicable on collateral review.  <u>See Lloyd v. United States</u>, 407 F.3d 608, 614 (3d Cir. May 17, 2005); <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2d Cir. Apr. 8, 2005); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); <u>McReynolds</u>, 397 F.3d at 491.  <u>See also United States v. Johnson</u>, 353 F. Supp. 2d 656, 657-58 (E.D. Va., Jan. 21, 2005).

Petitioner's reliance upon the rule outlined in <u>Booker</u> is misplaced.  <u>Booker</u> is not retroactively applicable to petitioner's sentence.  Although petitioner's cause for failing to assert this issue earlier is based on the fact that <u>Booker</u> had not been decided at the time of his conviction, that <u>Booker</u> is not applicable to petitioner's sentence demonstrates that he has failed to show any prejudice that he suffered by not raising the issue at an earlier point.  Therefore, petitioner's claim of unconstitutional enhancement of his sentence is denied.

**V.      Conclusion**

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**.  Finding no

substantial issue for appeal concerning the denial of a constitutional right affecting the

conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the counsel for the petitioner

and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800,

101 West Main Street, Norfolk, Virginia 23510 .

It is so **ORDERED**.

_____
/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 7, 2005
Norfolk, Virginia